IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:25-cr-00022 |
| | ) | |
| v. | ) | |
| | ) | JUDGE CRENSHAW |
| | ) | |
| [8] JESUS ENRIQUE CASTILLO RODRIGUEZ | ) | |
| a/k/a "Chu Chu" | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OUTSTANDING OBJECTION AND POSITION WITH RESPECT TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorneys, and respectfully submits this Response to defendant [8] Jesus Enrique Castillo Rodriguez's objection to the Presentence Investigation Report ("PSR") and the Government's position with respect to the PSR.

**RESPONSE TO DEFENDANT'S OUTSTANDING OBJECTION**

**Defendant's Objection #1:**

The defendant objects to the two-level Victim Related Adjustment under U.S.S.G. § 3A1.1(b)(1) as set forth in paragraph 51 of the PSR.

**Government's Response to Objection #1:**

The Government disagrees with the defendant and asserts that the objection should be overruled. Indeed, the Government agrees with the Probation Officer's response to the defendant's objection, as set forth in the Addendum to the PSR.

Application Note 2(B) defines a vulnerable victim as a person who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. In *United States v. Cooper*, the Court found the "'enhancement applies when the

defendant specifically targets his victims based on the victim's perceived vulnerability to the offense.'" 926 F.3d 718 (11th Cir. 2019) (quoting *United States v. Phillips*, 287 F.3d 1053, 1057 (11th Cir. 2002)). The Eleventh Circuit affirmed the district court's application of the enhancement when the sex-trafficking victims "ha[d] never been to or reside[d] in the United States and they did not have any family ties in the country." Similar to the victims in this case, in *Cooper*, the women spoke little to no English, had no other jobs, family, or friends in the United States, and had no affordable place to stay other than housing secured by Cooper. Indeed, the defendant in *Cooper* told the victims that "'they could not work for anyone else because he was their J-1 Visa sponsor' and that they would need to find housing if they refused to work for him."

In this case, the defendants were aware that the victims were undocumented, did not speak English, and were being forced, threatened, and intimidated into paying a highly inflated smuggling debt for being brought to the United States. And some of the victims were single mothers who were "looking for a better life" for themselves and their children. As a result, the defendants knew the victims would likely not seek assistance from law enforcement due to their immigration status and otherwise vulnerable status.

Accordingly, the Court should deny defendant's Objection #1.

## GOVERNMENT'S POSITION ON THE PSR

Considering the Government's position on the defendant's objection, as set forth above, the Government has no additional comments or objections to the revised Presentence Investigation Report ("PSR"), dated November 2, 2026, prepared by the United States Probation Office.

However, during plea negotiations, the parties contemplated a Total Offense Level of 33, with a corresponding Guidelines Range of 135 to 168 months in prison, but, under the

revised PSR, the Guidelines Range is calculated with a Total Offense Level of 35 and a corresponding Guidelines Range of 168 to 210 months in prison.[1] Accordingly, while, as stated above, the Government has no further comments or objections on the accuracy of the PSR, the Government asks the Court to apply the Guidelines Range (135 to 168 months in prison) contemplated by the parties' plea agreement when sentencing the defendant in this case.

The Government addresses the § 3553(a) factors and its sentencing recommendation in its separately filed sentencing memorandum.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

***/s/ Kathryn D. Risinger***
KATHRYN D. RISINGER
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

A. TYSEN DUVA

Assistant Attorney General
Department of Justice
Criminal Division

JESSICA ARCO
ALEXANDRA SKINNION
Trial Attorneys
Human Rights and Special Prosecution Section
1301 New York Ave., NW, Ste. 200
Washington DC 20005

[1] As part of the negotiated plea agreement, the parties did not include the following Guidelines provisions when calculating the Offense Level recommendation to the Court: the Victim Related Adjustment under U.S.S.G. § 3A1.1(b)(1).